**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**LEROY ELLIS,**

    **Petitioner,**

vs.                                     **1:04cv15-MMP/AK**

**MONICA WETZEL, et al.,**

    **Respondents.**
_____/

## REPORT AND RECOMMENDATION

    Petitioner, an inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he raises issues related to his continued incarceration. Doc. 1. Pursuant to the Court's order, Petitioner paid the filing fee. Respondents were directed to respond to the petition, and they have filed an answer. Doc. 9. Petitioner has filed a reply. Doc. 10.

    After Petitioner filed this petition, he was transferred from FCI Marianna, Florida, which is in located in the Northern District of Florida, to USP McCreary, Pine Knot, Kentucky, which is located in the Eastern District of Kentucky. As of this date, he remains incarcerated in that facility. Because Petitioner was no longer incarcerated in this district, the Court transferred this proceeding to Kentucky. Docs. 13 & 14. Recently, however, the Kentucky court returned this cause to this Court on the ground that it had been improperly transferred. Doc. 18. The district judge agreed with the

Kentucky court's decision, reopened the case, and referred it to the undersigned for further proceedings. Doc. 19. The Court thus turns to a consideration of the petition.

In 1992, Petitioner was convicted in this Court of bank robbery and was sentenced to 137 months imprisonment. *United States v. Ellis*, Cause No. 1:92CR1040-MMP (N.D. Fla.). Five days after the federal sentence was imposed, Petitioner was sentenced by the state court to seven years imprisonment for several convenience store robberies with the sentence to run "Concurrent to Any Active Sentence." Doc. 1 at J. If Petitioner had been sentenced on the state court charges first, "he would have probably been classified a career offender on his federal charges, and subject to life imprisonment." *Ellis* at Doc. 57. "After an initial mix-up regarding whether he should be in federal or state detention at the outset, he was eventually returned to state custody and began serving his state sentence." *Id*. When he finished his state sentence in 1996, he was returned to federal custody, with a sentence commencement date of July 2, 1996. The time Petitioner spent in federal custody during the "mix-up" when he should have been in state custody was credited to his state sentence only. Doc. 10, Ex. E.

In 1997, Petitioner filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania contending that "the time he erroneously spent in federal custody should also be credited toward the service of his federal sentence." *Id*. The court denied the petition, stating:

> [I]t is clear that [Petitioner] did not come into exclusive federal custody for the purpose of serving his federal sentence until the state sentence was satisfied on July 2, 1996. Furthermore, the federal sentencing court did not recommend that the sentences run concurrently. [Petitioner's] federal sentence commenced on July 2, 1996, and all of the time he erroneously

spent in a federal facility under the writ of habeas corpus ad prosequendum until his return to state custody was credited to his seven...year state sentence. Accordingly, his petition for writ of habeas corpus will be denied.

*Id.* This decision was affirmed on appeal. *Ellis v. True*, 164 F.3d 621 (3d Cir. 1998).

In 2000, Petitioner filed a second § 2241 petition in the United States District Court for the Southern District of Indiana. *Ellis v. Lappin*, Cause No. 00-312-C-T/F (S.D. Ind.). The Indiana court also denied the petition, stating:

> The reason for this disposition is that [Petitioner] previously litigated the correctness of the Bureau of Prison's calculation of his federal sentence in terms of when it commenced and whether he was entitled to credit for time spent in custody prior to his designation to the USP-Lewisburg on July 2, 1996....[T]hat litigation, just as the present action, was brought by [Petitioner] to establish his entitlement to credit for time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. [Petitioner's] claim in each case is that the Bureau of Prisons has miscalculated the federal sentence imposed in the United States District Court for the Northern District of Florida on November 19, 1992. It is true that, after that sentencing, [Petitioner] was mistakenly returned to federal custody and kept longer than was contemplated by the writ...but it is also true that this initial stint in a federal prison was credited toward [Petitioner's] November 24, 1992, Florida state sentences for Robbery, Attempted Robbery, and Escape.
>
> * * *
>
> Pursuant to 18 U.S.C. § 3585(a), [Petitioner] did not commence his federal sentence until July 2, 1996. He is not entitled to double credit for time spent in custody prior to that date because that time was credited toward his Florida state sentences. This is what the Third Circuit held in [Petitioner's] prior habeas action, and there are no circumstances here suggesting that the result of that case should be adjusted.

Doc. 9, Ex. B.

Some time during this same time period, Petitioner requested BOP "to give him credit for the time he served on his state sentence, through a *nunc pro tunc* designation by the Bureau of Prisons that the state facility was also the place of imprisonment for his

federal sentence...." *Ellis* at Doc. 57.  The BOP requested input from this Court "regarding whether granting [Petitioner's] request would be consistent with the intent of the Court at sentencing."  *Id*.  Recognizing that the Court's opinion on this issue was strictly advisory, the Court stated:

> In sentencing [Petitioner], the Court noted that he was a "one-man terror on the streets of Gainesville...robbing at will.  They pick [him] up and turn [him] loose, [he] rob[s] again."  The Court then sentenced him to the high end of the guidelines, citing his extensive criminal history.  The Court also noted:
>
>> Mr. Ellis, I guess by the circumstances, the fact that you are getting sentenced here a few days before you go to the state is probably going to save you from maybe getting sentenced to prison for the rest of your life.
>
> This is because, had [Petitioner] been sentenced on the state charges first, he would have probably been classified a career offender on his federal charges, and subject to life imprisonment.  Thus, it is only through a fluke of timing that [Petitioner] did not receive this high sentence.  Because of this, and because the state charges stemmed not from the bank robberies but from separate robberies, allowing [Petitioner] to receive credit off his federal time for the time served on the state charges would frustrate the purposes for which the sentence to imprisonment was determined to be warranted.  Accordingly, the Court recommends that the Bureau of Prisons use its wide discretion...to deny the designation requested.

*Id*. (citations omitted).

In the instant petition, Petitioner once again requests "Credit for Time Served in Federal Custody."  Doc. 1 at 2.  He then sets forth four grounds for relief, but all of them are related to the issue of "Credit for Time Served in Federal Custody."  The Government responded, arguing that he is barred from relitigating this issue since he has "already had two chances to litigate the issues raised here and should be barred from a third."  Doc. 9.  In reply, Petitioner maintains that "the petition was all based on

lies that was manufactured by the government and that the plea agreement and the whole trial that this petition arose[ ] from was indeed a shan [sic] in the first place." Doc. 10. Although he "agree[s] with the government that the court ha[s] considered this issue and ha[s] ruled against the petitioner several times in the past," *id*. at 1, he then claims that the Government "misled this court to believe that Petitioner raised the same issues in the past." *Id*. at 4. According to Petitioner, the "former argument[s] in the previous motions was about Jail time credit and about the sentence being run concurrently. The sentence being run concurrently makes no differen[ce] in the matter. The only thing that matter[s] herein is the time that Petitioner spen[t] in physical Federal Custody before he was sen[t] to State Custody to serve additional time in State custody." *Id*. at 9.

Regardless of how Petitioner attempts to distinguish the instant issue of "Credit for Time Served in Federal Custody" from the issues previously submitted to other courts–and even to this Court through the BOP–the bottom line is that he continues to seek credit against his federal sentence for time that he should have been in state, not federal, custody. That issue has been repeatedly resolved adversely to him, at both the district and appellate court levels, and in this Court's opinion, Petitioner's persistent use of § 2241 to relitigate the same issue has now become an abuse of the writ of habeas corpus.

> According to § 2244(a):
>
> No...district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Thus, to the extent that Petitioner seeks credit for the time served in federal custody when he should have been in state custody, an issue which has been specifically litigated in two other district courts and affirmed on appeal, the petition should be denied as an abuse of the writ. *See Ortloff v. Fleming*, 88 Fed. Appx. 715, 716 (5th Cir. 2004) (present version of § 2244(a) bars successive § 2241 petitions based on same claim).

To the extent that Petitioner seeks to litigate issues of ineffective assistance of counsel and the voluntariness of his plea, *see* Doc. 10 at 12 & 17, those are issues which must be raised in a § 2255 proceeding. Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The question presented is whether the savings clause of § 2255, which permits a federal prisoner to seek § 2241 habeas corpus relief when a motion to vacate is "inadequate or ineffective to test the legality of...detention," affords Petitioner any relief on the miscellaneous constitutional challenges he has raised in his reply. In *Wofford v. Scott*, the Eleventh Circuit found that the savings clause of § 2255 applies to a claim only when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Case No: 1:04cv15-mmp/ak*

Because there is no retroactively applicable Supreme Court decision which has been rendered in the interim to "open the portal to a § 2241 proceeding," *id.*, the savings clause of § 2255 is not triggered so as to allow this § 2241 habeas corpus petition to proceed on the counsel and plea issues. Like the petitioner in *Wofford*, instant Petitioner "had a procedural opportunity to raise each of his claims and have it decided," *id.* at 1245, in a timely filed § 2255 motion. Petitioner did not timely seek § 2255 relief, *see Ellis* at 37 & 39, and in this Court's view, to the extent Petitioner has raised issues directly relating to the legality of his conviction, Petitioner is "attempting to use § 2241 simply to escape the restrictions on second or successive § 2255 motions," *id.*, and the savings clause does not exist to free a prisoner from those restrictions.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **12th** day of August, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:04cv15-mmp/ak*